IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BROOKE PERSINGER, On behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| SOUTHWEST CREDIT SYSTEMS, LP, | ) ) |
| Defendant. | ) |

1:19-cv-00853

## CLASS ACTION COMPLAINT

NOW COMES the Plaintiff, BROOKE PERSINGER, by and through her attorneys, SMITHMARCO, P.C., suing on behalf of herself and all other similarly situated, and for her complaint against the Defendant, SOUTHWEST CREDIT SYSTEMS, LP, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. BROOKE PERSINGER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Brownsburg, County of Hendricks, State of Indiana.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. SOUTHWEST CREDIT SYSTEMS, LP, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Indiana. Defendant's principal place of business is located in the State of Texas. Defendant is incorporated in the State of Indiana.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

## IV. ALLEGATIONS

8. Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9. On or about June 20, 2017, Plaintiff filed a Voluntary Petition for Chapter 7 Bankruptcy (hereinafter, the "bankruptcy petition") in the United States Bankruptcy Court for the Southern District of Indiana, commencing bankruptcy case number 17-04625-JJG.

10. At the time Plaintiff filed her bankruptcy petition, she owed a debt to AT&T Mobility for wireless telephone service. The Debt had been referred to Defendant for collections before Plaintiff filed her bankruptcy petition.

11. Plaintiff scheduled the aforementioned debt in her bankruptcy petition as an unsecured debt in the amount of $453.00.

12. At the time Plaintiff filed her bankruptcy petition, she owed no other debt that had been referred to Defendant for collection from Plaintiff.

13. At the time Plaintiff filed her bankruptcy petition, she had no other accounts with Defendant.

14. On or about October 11, 2017, the United Stated Bankruptcy Court for the Southern District of Indiana entered an order discharging Plaintiff, thereby extinguishing her liability for the aforementioned debt owed to Defendant.

15. On or about October 13, 2017, The United Stated Bankruptcy Court for the Southern District of Indiana served a Certificate of Notice on Defendant, which included a copy of Plaintiff's Order of Discharge.

16. At no time since October 11, 2017 has Plaintiff owed any debt to Defendant.

17. At no time since October 11, 2017 has Plaintiff owed any debt that Defendant had the authority to collect.

18. At no time since October 11, 2017 has Plaintiff had any accounts open with Defendant.

19. At no time since October 11, 2017 has Plaintiff had any personal credit account with Defendant.

20. At no time since October 11, 2017 has Plaintiff had any personal business relationship with Defendant.

21. Given the facts delineated above, at no time since October 11, 2017 has Defendant had any information in its possession to suggest that Plaintiff owed a debt that Defendant could collect from her.

22. Given the facts delineated above, at no time since October 11, 2017 has Defendant had any information in its possession to suggest that Plaintiff was responsible to pay a debt that Defendant could collect from her.

23. On or about January 4, 2018, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit file from Trans Union LLC, a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

24. At no time on or prior to January 4, 2018 did Plaintiff consent to Defendant accessing her individual and personal credit report.

25. On or about January 4, 2018, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report without a legitimate business reason to do so.

26. On or about January 4, 2018, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report impermissibly.

27. On or about January 4, 2018, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report without first informing Plaintiff of its intent to do so.

28. On or about January 4, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant reviewed Plaintiff's private information.

29. On or about January 4, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's personal and individual credit accounts.

30. On or about January 4, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's payment history on her individual credit accounts.

31. On or about January 4, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's credit history and credit worthiness.

32. On or about January 4, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's private financial information was published to Defendant.

33. On or about January 4, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, unknown employees, representative and/or agents of Defendant viewed Plaintiff's private financial information.

34. On or about January 4, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained personal information about Plaintiff, such as her current and past addresses; date of birth; employment history; and, telephone numbers.

35. On or about January 4, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's personal information, as delineated above, was published to Defendant.

36. Defendant's conduct, as delineated above, is a violation of 15 U.S.C. §1681b(f)(1).

37. As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of his personal information and her credit information and an injury to her credit rating and reputation. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

### V. CLASS ALLEGATIONS

38. Plaintiff brings this action individually and on behalf of a class of individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure.

39. The aforementioned class of individuals is defined as all persons about whom, during the two (2) year period prior to the filing of this Complaint, Defendant obtained a consumer report after that consumer had obtained a bankruptcy discharge of any obligation that Defendant could have collected from them (hereinafter, the "Class").

40. The Class is so numerous that joinder of all members is impractical. Upon information and belief, Defendant has accessed hundreds, possibly thousands, of consumer reports after such consumers had obtained a bankruptcy discharge of any obligation that Defendant could have collected from them.

41. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal question at issue is whether Defendant violated the FCRA by accessing Class members' consumer reports without a permissible purpose during the applicable time period as alleged.

42. Plaintiff's claim is typical of the claims for the Class, which arise from the same operative facts and are predicated on the same legal theories.

43. There are no individual questions of fact, other than whether a Class member authorized a review of his or her consumer report, which can be determined by a ministerial inspection of Defendant's records.

44. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously prosecuting this matter and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor counsel for Plaintiff have any interests that might cause them to not vigorously pursue this claim.

45. This action should be maintained as a class action as the prosecution of separate actions by individual members of the Class would create a substantial risk of inconsistent or

varying adjudications with respect to individual Class members. Such a result would establish incompatible standards of conduct for the parties opposing the Class. Furthermore, the prosecution of separate actions could result in adjudications of individual members' claims that could be dispositive of the interests of other members not parties to the adjudications or could substantially impair and/or impede the ability of such individuals to protect their interests.

46. A class action is a superior method for the fair and efficient adjudication of this controversy. The identities of individual Class members may be easily obtained from Defendant's records.

## VI. JURY DEMAND

47. Plaintiff hereby demands a trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BROOKE PERSINGER, by and through her attorneys, respectfully prays for order be entered certifying the proposed class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class; that judgment be entered for Plaintiff and the Class against Defendant for statutory and punitive damages for violation of 15 U.S.C. §1681b, pursuant to 15 U.S.C. § 1681n; that judgment be entered for Plaintiff and the Class against Defendant for actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and that the Court grant such other and further relief as may be just and proper.

                                                      Respectfully submitted,
                                                      **BROOKE PERSINGER**

                                            By:    s/ David M. Marco
                                                           Attorney for Plaintiff

Dated: February 27, 2019

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithmarco.com