UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BROOKE PERSINGER on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:19-cv-00853-RLY-MJD ) |
| SOUTHWEST CREDIT SYSTEMS, LP, | ) ) |
| Defendant. | ) |

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

This matter is before the Court on Plaintiff's Motion to Compel [Dkt. 44]. The motion is **GRANTED** to the extent and for the reasons set forth below.

### I. Background

Plaintiff alleges that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by accessing her consumer report without a permissible purpose. Specifically, Plaintiff alleges that a debt she owed was referred to Defendant for collection and that Defendant accessed her credit report on January 4, 2018, several months after that debt was discharged in bankruptcy and therefore became uncollectible. Plaintiff brings this action on behalf of herself and a putative class of "all persons about whom, during the two (2) year period prior to the filing of this Complaint, Defendant obtained a consumer report after that consumer had obtained a bankruptcy discharge of any obligation that Defendant could have collected from them." [Dkt. 1 at 6.]

At issue in the instant motion is Plaintiff's Interrogatory No. 13, which reads:

> Identify all complaints (written or oral), disputes (written or oral), lawsuits, regulatory actions, or other communications (written or oral) identifying the name and address of any consumer who believed that you had accessed their consumer report without a permissible purpose to do so within the last ten (10) years.

[Dkt. 44 at 2.] Defendant has refused to provide any substantive response to the interrogatory, instead lodging numerous objections to it.

## II. Discussion

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)-(3). The burden "rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006). This burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Burkybile v. Mitsubishi Motors, Corp.*, 2006 WL 2325506, at *6 (N.D. Ill. August 2, 2006) (internal citations omitted).

With this standard in mind, the Court will address each of the objections to Interrogatory No. 13 set forth in Defendant's response to the instant motion.

### A. Relevance and Overbreadth

Defendant argues that the information sought by the interrogatory is irrelevant to the claims and defenses in this case. Plaintiff argues that the information it seeks is relevant to the issue of willfulness.

The FCRA provides for statutory damages, punitive damages, and attorney fees in the event of a "willful" failure to comply with its requirements. 15 U.S.C. § 1681n(a). In *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007), the Supreme Court held that "willfulness" in the statute included recklessness, and further held that "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69.

Plaintiff argues that evidence that Defendant received complaints from other consumers that it had accessed their consumer reports without a permissible purpose is relevant to whether Defendant acted willfully with regard to accessing her credit report, because "[i]t is axiomatic that if a Defendant continues to act despite being put on notice that its actions are in violation of the law, then that Defendant is potentially liable for a willful violation of the law and for punitive damages." [Dkt. 50 at 2.] The Court agrees with Plaintiff's general premise; however, the interrogatory as drafted is overly broad. Plaintiff alleges that Defendant violated the FCRA by accessing her consumer report after the relevant debt was discharged in bankruptcy. The only complaints by other consumers that could provide relevant evidence of willfulness are complaints that were made prior to the date Plaintiff's report was accessed and that involved the same type of alleged violation. However, Interrogatory No. 13 is not so limited. Plaintiff is not entitled to information about **all** complaints that Defendant accessed consumer reports without a

3

permissible purpose, but she is entitled to information about such complaints that involved debts discharged in bankruptcy.

The cases cited by Defendant do not suggest otherwise. Defendant cites to *Chester v. Purvis*, 2003 WL 22454885 (S.D. Ind. Oct. 22, 2003), and *Allen v. Experian Info. Sols., Inc.*, 2006 WL 1388757 (S.D. Ill. May 12, 2006), for the proposition that "Courts within the Seventh Circuit have held that the information Plaintiff seeks does not establish any proof of whether a willful violation of the FCRA has occurred." [Dkt. 49 at 2.] Neither of those cases discuss, even tangentially, whether evidence regarding prior complaints from consumers of FCRA violations is relevant to the issue of willfulness; it is, quite frankly, a mystery why Defendant cites to them at all, let alone why Defendant asserts that "Plaintiff seeks the exact same information from SWC that the *Allen* Court held was irrelevant to proving whether a defendant committed a willful violation of the FCRA." [Dkt. 49 at 5.] In addition, both cases apply a definition of willfulness that has since been rejected by the Supreme Court. *Compare Allen v. Experian Info. Sols., Inc.*, 2006 WL 1388757, at *4 (S.D. Ill. May 12, 2006) ("To act willfully, a defendant must knowingly and intentionally violate the FCRA, and it must also be conscious that its act impinges on the rights of others.") (quoting *Wantz v. Experian Info. Sols.*, 386 F.3d 829, 834 (7th Cir. 2004), *as amended* (Nov. 16, 2004)), and *Chester*, 2003 WL 22454885, at *3 (S.D. Ind. Oct. 22, 2003) ("In order to establish an intentional violation under § 1681n, which allows for a potential punitive damage award, Chester must establish that Purvis 'knowingly and intentionally committed an act in conscious disregard for the rights of others.'") (quoting *Pinner v. Schmidt,* 805 F.2d 1258, 1263-64 (5th Cir. 1986)), *with Safeco*, 551 U.S. at 57 (holding that "willfulness" in FCRA includes recklessness).

4

**B. Overbreadth**

Defendant's argument that none of the information sought in Interrogatory No. 13 is relevant is without merit. However, as already noted, the Court finds that the interrogatory is overly broad in at least one respect. Defendant argues that the interrogatory is overly broad in additional ways.

First, Defendant objects to the temporal scope of the interrogatory. Plaintiff seeks information regarding complaints in "the past ten years." The Court finds that the appropriate time frame is the three years prior to the date Plaintiff alleges that her consumer report was accessed by Defendant; in other words, from January 4, 2015, to January 4, 2018.[1] This, the Court believes, strikes the appropriate balance between Plaintiff's right to obtain relevant information and the burden on Defendant of compiling the information.

Defendant also argues that the interrogatory is overly broad because it

> asks for *any* complaint or lawsuit (as opposed to verified complaints and/or lawsuits in which SWC was found to be liable) for the past ten (10) years. Plaintiff's interrogatory requires SWC to provide Plaintiff with complaints made ten (10) years ago that were false. The idea that Plaintiff would be liable because a consumer complained of an impermissible pull 10 years ago (much less 2 years ago) that may or may not have any validity is—frankly—outrageous.

---

[1] Defendant's timeframe argument is based on the fact that the statute of limitations under the FCRA is "not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1682p. It is not clear to the Court why the statute of limitations is relevant, in light of the fact that Plaintiff's stated reason for seeking the information is to find evidence that Defendant had notice that it was engaging in an (allegedly) unlawful practice. If a past complaint indeed provided such notice, it would do so regardless of whether a suit for the act underlying the complaint would be time barred.

[Dkt. 49 at 6.] This "outrageous" concern has been eliminated by the Court's narrowing of the interrogatory to include only those complaints that were premised on the discharge of the relevant debt.

### C. Undue Burden

Defendant argues that responding to the interrogatory would be an undue burden and that the burden would be disproportionate to the needs of this case because it would require Defendant to

> individually review each and every account ever placed with it in the last ten years which is marked as disputed, and review every account note and call recording to determine what the complaint or dispute was, and if it had to do with accessing the individual's consumer report without a permissible purpose. Collectors typically do not make word for word notes on a consumer's dispute so this information is not readily accessible via account notes or the system of record. Defendant would also have to locate and review every single piece of inbound correspondence on each account to determine whether or not the correspondence was a complaint or dispute, and if it was a complaint or dispute about accessing the individual's consumer report without a permissible purpose. As such, in order to respond to this Request Defendant would have to review each and every document and call recording in each and every debtor file that has been active in the last ten (10) years. This would require an enormous amount of man-hours at an equally large expense.

[Dkt. 49 at 5-6.] However, the burden of responding to the interrogatory as narrowed by the Court would be far smaller. As Plaintiff notes in her reply, Defendant already has identified 996 individuals for whom it obtained a consumer report "even though its own database reflects that 'notices were received through bankruptcy scrub confirmations as well as any form of written notification received by [Defendant].'" [Dkt. 50 at 1.] While Plaintiff does not say, presumably the time frame used by Defendant in searching for these instances was the two years prior to the filing of the complaint, as that is how Plaintiff has defined the putative class. If Defendant was able to identify these individuals for that time frame, Defendant also will be able to identify such

6

individuals for the time period of January 4, 2015, to January 4, 2018. Defendant will then have to review this limited number of account files to determine whether the individual lodged a complaint that his or her consumer report was improperly accessed because the debt had been discharged. The Court does not believe the burden of this exercise is disproportionate to the needs of the case.

### D. Discoverability of the Identity of Potential Class Members

Defendant, relying on *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), argues that "the names and addresses of the consumers who made the complaints or were part of the actions taken against SWC at issue in the interrogatory" are "not discoverable during pre-certification litigation," and that "[t]he fact that Plaintiff is asking the Court to compel [Defendant] to provide information that the Supreme Court has held is off limits is a waste of this Court's time and resources." [Dkt. 49 at 7-8.] This argument is utterly without merit. *Oppenheimer* dealt with the question of whether the identity of potential class members was discoverable pursuant to Federal Rule of Civil Procedure 26(b)(1) when the information was sought **solely for the purpose of providing class notice**, "rather than to define or clarify issues in the case." *Oppenheimer*, 437 U.S. at 350. The holding of *Oppenheimer* thus is not relevant to the interrogatory in this case, which does not seek the identities of the potential class members for notice purposes, but rather seeks information relevant to Plaintiff's claim that Defendant willfully violated the FCRA. That information is relevant whether or not a class is ever certified in this matter. The fact that some of the individuals identified likely are potential class members does not somehow render the information undiscoverable.

This distinction is recognized in *Oppenheimer* and in another case cited by Defendant. *See Johnson v. Bankers Life & Cas. Co.*, 2013 WL 5442374, at *1 (W.D. Wis. Sept. 30, 2013)

7

("'There may be instances where this information could be relevant to issues that arise under Rule 23 [e.g., numerosity, common questions and adequacy of representation], or where a party has reason to believe that communication with some members of the class could yield information bearing on these issues **or other issues**.'") (quoting [Oppenheimer, 437 U.S. at 354 n. 20](Oppenheimer)) (emphasis added). It is disingenuous at best for Defendant to argue that these cases support its position.

### E. Other Objections

In its supplemental response to Interrogatory No. 13, Defendant makes several other objections, some of which Defendant mentions in its brief in opposition to the motion to compel. First, Defendant objects that the information sought in the interrogatory "is publicly available and equally available to Plaintiff." [[Dkt. 44 at 3](Dkt).] Of course, only some of the information is publicly available—internal complaints would not be—and, especially as the interrogatory has been narrowed by the Court, the burden of Defendant searching a limited universe of its own records is much smaller than the burden of Plaintiff searching through all publicly available information regarding lawsuits against Defendant.

Defendant also "objects to Plaintiff's definition of 'consumer report' as confusing." [*Id.*] Neither party has informed the Court what that definition is, making it impossible for the Court to determine whether it is a valid objection. However, the Court believes that its narrowing of the interrogatory eliminates the issue.

Finally, Defendant "objects to this interrogatory because it exceeds the number allowed, including discrete subparts." [*Id.*] In her brief, Plaintiff responds, without elaboration, that the interrogatory "is not in excess of the allowed number of interrogatories." [*Id.* at 6.] The Court could not resolve this objection if it wanted to, as neither party has provided the Court with

8

Interrogatories Nos. 1-12. However, the Court notes that Defendant's argument in its response brief that "when counting each interrogatory, including each sub-part (both discrete and indiscrete), Plaintiff asked 30 interrogatories before he got to Interrogatory No. 13," [Dkt. 49 at 9], is unhelpful, inasmuch as the applicable rule limits a party to "no more than 25 written interrogatories, including all **discrete** subparts." Fed. R. Civ. P. 33(a)(1). Defendant's failure to at least provide the Court with a copy of Interrogatories Nos. 1-12 constitutes a failure to develop, and therefore a waiver, of Defendant's argument in this regard. *See Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion to compel [Dkt. 44] is **GRANTED**, in that Defendant shall respond to the following narrowed version Interrogatory No. 13[2]:

> Identify all complaints (written or oral), disputes (written or oral), lawsuits, regulatory actions, or other communications (written or oral) made between January 4, 2015, and January 4, 2018, in which an individual asserted that you accessed an individual's consumer report for an impermissible purpose because the debt(s) of the individual that had been referred to you for collection had been discharged in bankruptcy.

Defendant's obligation to respond to this interrogatory shall be fulfilled by Defendant (1) identifying each individual whose consumer report Defendant accessed between January 4, 2015, and January 4, 2018, after Defendant received notice, through bankruptcy scrub confirmations or any form of written notification, that the relevant debt(s) had been discharged in bankruptcy; and (2) reviewing each of those individual's account records to determine whether the individual

---

[2] Given the substantial narrowing of the interrogatory by the Court, the Court finds that an award of attorney fees to Plaintiff for prevailing on this motion would not be appropriate.

lodged any complaint, in any form, that Defendant's accessing of the consumer report was improper. For purposes of responding to this interrogatory, "consumer report" shall be defined as that term is defined in the FRCA, 15 U.S.C. § 1681a(d), and shall include a "propensity to pay score."[3]

SO ORDERED.

Dated: 30 OCT 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.

---

[3] The Court recognizes that there is a dispute between the parties regarding whether Plaintiff's "propensity to pay score," which is what Defendant states it accessed, is a "consumer report," as defined by the FCRA. *See* [Dkt. 49 at 9]. That dispute remains to be resolved, and the Court takes no position on it.